United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MOFOLUSO OLALEMI,
Plaintiff,
v.
CONTRA COSTA COUNTY EMPLOYMENT AND HUMAN SERVICES DEPARTMENT,
Defendant.

Case No. 25-cv-10905-TSH

**ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

Re: Dkt. No. 13

## I. INTRODUCTION

Plaintiff Mofoluso Olalemi, proceeding *pro se*, brings this action against Defendant Contra Costa County (the "County"),[1] alleging that the County discriminated against her when it delayed, reduced, and denied her public benefits. ECF No. 1-1. Pending before the Court is the County's Motion for Judgment on the Pleadings. ECF No. 13 ("Mot."). The Court previously held the County's Motion in abeyance to permit Olalemi to move for leave to amend her Complaint. ECF No. 17. Olalemi has not filed a motion for leave to amend the Complaint. For the reasons stated below, the Court **GRANTS** the County's Motion.[2]

## II. BACKGROUND

### A. Factual Background

Olalemi is an individual who sought public benefits in Contra Costa County, California.

[1] The County is erroneously sued as Contra Costa County Employment & Human Services. Mot. at *i*.

[2] The parties consent to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). ECF Nos. 4, 12.

Compl. at 5 (ECF No. 1-1). The County oversees the distribution of public benefits; applicants may apply for and manage benefits at the Contra Costa County Employment & Human Services Office (the "Office"). *Id.* at 11.

Overall, Olalemi alleges that the County discriminated and retaliated against her—by delaying and reducing her CalFresh benefits, denying her general assistance, and denying her "the one time per year CalWorks assistance waiver for any family that experienced homelessness"—based on her Violence Against Women Act ("VAWA") status, legal status, disability, race, and homelessness. *Id.* at 2–4.

Olalemi alleges the following in the Complaint.[3] Olalemi applied for "CalFresh, CalWorks, and cash aid" for herself and her daughter. *Id.* at 5. Olalemi and her daughter are immigrants who are victims of gender-based violence under VAWA. *Id.* at 4. They have "disabilities" and have "experiences with homelessness." *Id.* at 2. Olalemi and her daughter qualify for CalFresh and general assistance benefits. *Id.* at 14.

Olalemi recertified for CalFresh benefits in December 2024. *Id.* at 8. In May 2025, the County stated that it did not receive this recertification and asked Olalemi to complete another recertification. *Id.* Olalemi did not complete another recertification, and the County closed her "old CalFresh account" in May 2025. *Id.*

On June 18, 2025, Olalemi applied for CalFresh benefits. *Id.* at 5. Her application should have been approved within three days because she qualified for expedited approval. *Id.* On June 23, 2025, Olalemi's case worker (Z. Johnson) "lied" that Olalemi missed her interview where "there was no scheduled interview." *Id.* at 12, 14. Johnson denied Olalemi's application on June 24, 2025. *Id.* at 5. The denial was improper because it was based on Olalemi's lack of "sponsored attestation" even though "victims of VAWA," like Olalemi do not require a sponsor. *Id.* The County's rules state that it cannot reduce a VAWA victim's CalFresh benefits for failing to

[3] In her Opposition, Olalemi includes new allegations not pleaded in the Complaint. *See* Reply at 6:24–8:8 (ECF No. 16); *see, e.g.,* Opp. at 17–18 (ECF No. 15). The Court does not consider these new allegations in ruling on the County's Motion. *See Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 897 (9th Cir. 2019) (on motion to dismiss, explaining that additional facts in plaintiff's opposition "cannot be considered because they were not included in the operative pleading").

produce a sponsor. *Id.* at 12. On July 2, 2025, Olalemi spoke with Johnson over the phone and begged her to approve the CalFresh application. *Id.* at 7. After Olalemi spoke with the supervisor, her application was approved on July 17, 2025. *Id.* at 5. The approval was conditional; on September 3, 2025, the County reduced Olalemi's benefits from $306 to $62 without any prior notice. *Id.* at 5, 10. Olalemi discovered the reduction when she went to the store to purchase groceries and was informed by the cashier that she only had $62 in her CalFresh account. *Id.* at 9–10.

On September 4, 2025, Olalemi called the Office and lodged a complaint based on "unfair treatment" associated with CalFresh benefit reduction. *Id.* at 11. The Office staff continued to ask Olalemi for a sponsor form despite her explanation that she did not need one as a VAWA victim. *Id.* Olalemi also left a message for Johnson but did not receive a call back. *Id.* On September 5, 2025, Olalemi went to the Office in person and was given a number to call. *Id.* When she called the number, staff informed her that "immigration told them" Olalemi has a sponsor. *Id.* Olalemi requested assistance from the staff member who refused to help her. *Id.*

At some point, Olalemi applied for general assistance cash aid. *Id.* at 12. The County scheduled Olalemi for a general assistance interview on September 11, 2025, at 8:00 a.m. *Id.* at 14. Olalemi called the Office at 10:30 a.m. when she did not receive a call and was told the interview would occur between 8:00 a.m. and 12:00 p.m. *Id.* When Olalemi did not receive a call, she again called the Office and was told the interview would occur between 4:30 p.m. and 7:00 p.m. *Id.* at 15. Olalemi did not receive a call that day. *Id.* The next day, she called the Office and was told that she missed the calls from a case worker the previous day. *Id.* As of September 17, 2025, Olalemi had not received a call back from Johnson. *Id.* On September 30, 2025, Johnson denied Olalemi's application for general assistance because Olalemi did not have a sponsor. *Id.* at 12–13, 19.

The County discriminated against Olalemi based on her disability by failing to provide reasonable accommodations, denying access to programs and services, and engaging in discriminatory treatment. *Id.* at 2. Olalemi also experienced discrimination based on her status as a domestic violence survivor under VAWA, and she was "subjected to overt and systemic racism"

by the County. *Id.* at 2–3.

**B. Procedural Background**

On September 23, 2025, Olalemi filed this action in Contra Costa County Superior Court, Case No. C25-02698. Not. of Removal, Ex. A ("Compl.") (ECF No. 1-1). Olalemi appears to allege four causes of action under federal and California state law: (1) Violation of the Violence Against Women Act (VAWA); (2) Violation of Title VI of the Civil Rights Act of 1964 (Title VI); (3) Violation of Title II of the Americans with Disabilities Act (ADA); and (4) Violation of the Unruh Civil Rights Act in California. Compl. at 2–3, 16–18. Olalemi also mentions 42 U.S.C. § 1983 but does not tie it to an underlying "federal civil rights" violation. *Id.* at 17. Olalemi seeks "financial compensation" of five million dollars for "emotional distress, financial loss, [and] punitive damages." *Id.* at 1, 18. The County filed an answer in state court on December 16, 2025. Not. of Removal, Ex. B (State Court Docket) at 3 (ECF No. 1-2).

On December 22, 2025, the County removed this action to the Northern District of California pursuant to 28 U.S.C. § 1331. ECF No. 1 (Not. of Removal).

On March 5, 2026, the County filed the instant Motion for Judgment on the Pleadings. ECF No. 13 ("Mot."). On March 18, 2026, Olalemi filed an Opposition. ECF No. 15 ("Opp."). On March 26, 2026, the County filed a Reply. ECF No. 16 ("Reply"). On April 10, 2026, the Court issued an order holding the County's Motion in abeyance. ECF No. 17. The Court ordered Olalemi to file any motion for leave to amend the Complaint by April 30, 2026, and stated it would hold its ruling on the County's Motion in abeyance until Olalemi's motion for leave to amend is briefed or until the deadline passes for Olalemi to file a motion for leave. *Id.*

## III. LEGAL STANDARD

Under the Federal Rules of Civil Procedure, "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Rules 12(b)(6) and 12(c) are substantially identical; both permit challenges to the legal sufficiency of the opposing party's pleadings. *See Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (explaining that under both rules, "a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy"). Courts "must

accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). "A district court must grant a motion for judgment on the pleadings when there is no issue of material fact, and the moving party is entitled to judgment as a matter of law." *Unite Here Loc. 30 v. Sycuan Band of the Kumeyaay Nation*, 35 F.4th 695, 700 (9th Cir. 2022).

Generally, a court may consider only allegations made in the complaint and the answer; extrinsic factual material may not be taken into account. *See Jones v. L.A. Cent. Plaza LLC*, 74 F.4th 1053, 1059 (9th Cir. 2023) ("[W]hen presented with matters outside the pleadings in connection with a motion . . . for judgment on the pleadings under Rule 12(c), the district court may choose to exclude such extrinsic matters and address the motion under the applicable Rule 12 standards, or it may convert the motion into one for summary judgment under Rule 56.") (cleaned up). However, materials properly attached to a complaint as exhibits may be considered. *See Amfac Mortg. Corp. v. Arizona Mall of Tempe, Inc.*, 583 F.2d 426, 429–30 (9th Cir. 1978) ("These documents, as part of the complaint, are properly a part of the court's review as to whether plaintiff can prove any set of facts in support of its claim[.]"); Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

"A court has discretion to permit leave to amend in conjunction with a Rule 12(c) motion and may dismiss causes of action rather than grant judgment." *Sec. & Exch. Comm'n v. Payward, Inc.*, 763 F. Supp. 3d 901, 907 (N.D. Cal. 2025). "If a court grants a motion for judgment on the pleadings, leave to amend should be granted unless such amendment would be futile." *Id.* (citing *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 247 (9th Cir. 1990)); *see Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009) ("Leave to amend should be granted unless the district court determines that the pleading could not possibly be cured by the allegation of other facts.") (cleaned up).

## IV. DISCUSSION

The County requests that the Court grant judgment on the pleadings for all claims and dismiss the Complaint in its entirety. Mot. at 1.

In sum, the Court concludes that Olalemi does not allege cognizable claims under VAWA,

the ADA, the Civil Rights Act, or the Unruh Act. Therefore, judgment on the pleadings is warranted for all claims.

**A. VAWA Claim**

The County argues that Olalemi fails to state a claim under VAWA because the Complaint (1) "does not identify the specific statutory provision under which [Olalemi] seeks relief"; (2) does not show Olalemi "is suing under a statute that gives rise to a private cause of action"; and (3) "is devoid of the requisite factual support necessary to overcome a motion to dismiss." Mot. at 3:10–4:18. Olalemi contends that a panoply of "statutory and regulatory provisions directly support [her] VAWA claim." Opp. at 5:9–6:9, 9:10–11:10.

Federal Rule of Civil Procedure 8 requires that a plaintiff "provide defendants with adequate notice of the plaintiff's claims, including the facts and the legal basis for relief." *Gibson v. City of Portland*, 165 F.4th 1265, 1290 (9th Cir. 2026). Indeed, the threshold question under Rule 8 is whether a plaintiff pleads sufficient facts to give the defendant "fair notice of what the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (simplified).

Here, the Court concludes that Olalemi does not plead a plausible claim under VAWA. Olalemi alleges that she experienced discrimination based on her status as a domestic violence survivor under VAWA. Compl. at 2. But Olalemi's Complaint does not identify a VAWA statutory provision that entitles her to pursue relief in this action. Mot. at 3:10–19, Reply at 1:16–18. And while in her Opposition, Olalemi refers to statutes and regulations that purportedly provide a basis for her VAWA claim, Olalemi cannot raise these for the first time in her Opposition when they are absent from her Complaint. *See* Reply at 1:15–22; *Applied Underwriters*, 913 F.3d at 897. Therefore, because Olalemi's Complaint does not identify the specific VAWA statute under which she seeks relief, she fails to plead a plausible claim because she does not provide "sufficient notice" of her legal basis for relief to the County. *Gibson*, 165 F.4th at 1287.

Accordingly, the Court **GRANTS** the County's Motion on Olalemi's VAWA claim.

**B. ADA Claim**

The County argues that Olalemi fails to state a claim under the ADA because the Complaint (1) "is devoid of factual allegations about [Olalemi's] disability"; (2) does not state facts showing that Olalemi "was denied benefits . . . to which she was legally entitled"; and (3) makes only conclusory allegations that "the County denied her request for benefits because of her disability." Mot. at 4:19–5:17. Olalemi contends that she "alleges disability-based discrimination or deliberate indifference in providing public services." Opp. at 10:5–7.

Title II of the Americans with Disabilities Act of 1990 (ADA), provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Title II thus "prohibits any public entity from discriminating against 'qualified' persons with disabilities in the provision or operation of public services, programs, or activities." *Tennessee v. Lane*, 541 U.S. 509, 517 (2004). Title II "authorizes private citizens to bring suits for money damages." *Id.* (citing 42 U.S.C. § 12133).

"To prove that a public program or service violated Title II of the ADA, a plaintiff must show: (1) he is a 'qualified individual with a disability'; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability." *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001).

Here, the Court concludes that Olalemi does not plead a plausible claim under Title II of the ADA. Olalemi alleges that the County discriminated against her based on her disability by failing to provide reasonable accommodations, denying access to programs and services, and engaging in discriminatory treatment. Compl. at 2. But Olalemi does not allege facts showing that she has a qualifying disability under the ADA or that the County denied her services *because of* her disability. *See* Reply at 5:20–6:2. Therefore, because Olalemi fails to allege facts regarding required elements of her ADA claim, this claim fails.

Accordingly, the Court **GRANTS** the County's Motion on Olalemi's ADA claim.

**C. Claim Under Title VI Of The Civil Rights Act**

The County argues that Olalemi fails to state a claim under Title VI of the Civil Rights Act because the Complaint (1) does not state facts "showing the County deprived [Olalemi] of a benefit to which she was legally entitled"; and (2) does not show "that even if she had a right to such a benefit, the County's denial thereof was based on her protected status." Mot. at 5:18–6:18. Olalemi does not respond to these arguments. *See generally* Opp.

Section 601 of Title VI of the Civil Rights Act of 1964 provides that no person shall, "on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity" covered by Title VI. *Alexander v. Sandoval*, 532 U.S. 275, 278 (2001) (citing 42 U.S.C. § 2000d). "[P]rivate individuals may sue to enforce § 601 of Title VI and obtain both injunctive relief and damages." *Id.* at 279.

To state a claim for damages under 42 U.S.C. § 2000d, a plaintiff must allege that (1) the entity involved is engaging in discrimination based on race, color, or national origin; and (2) the entity involved is receiving federal financial assistance. *Fobbs v. Holy Cross Health Sys. Corp.*, 29 F.3d 1439, 1447 (9th Cir. 1994); *accord Hall-Johnson v. City & Cnty. of San Francisco Mayor's Off. of Hous. & Cmty. Dev.*, No. 24-cv-05988-AMO, 2026 WL 249329, at *2 (N.D. Cal. Jan. 29, 2026). Claims under the Equal Protection Clause "and Title VI require similar proofs—plaintiffs must show that actions of the defendants had a discriminatory impact, and that defendants acted with an intent or purpose to discriminate based upon plaintiffs' membership in a protected class." *The Comm. Concerning Cmty. Improvement v. City of Modesto*, 583 F.3d 690, 702–03 (9th Cir. 2009).

Here, the County argues that because Olalemi does not respond to its arguments in her Opposition and does not mention Title VI of the Civil Rights Act, she has waived this claim. Reply at 6:3–14. The Court agrees. *See Conservation Force v. Salazar*, 677 F. Supp. 2d 1203, 1211 (N.D. Cal. 2009) ("Where plaintiffs fail to provide a defense for a claim in opposition, the claim is deemed waived."); *Ardente, Inc. v. Shanley*, No. C-07-4479-MHP, 2010 WL 546485, at *6 (N.D. Cal. Feb. 10, 2010) ("Plaintiff fails to respond to this argument and therefore concedes it

through silence.”).

Accordingly, the Court **GRANTS** the County’s Motion on Olalemi’s claim under Title VI of the Civil Rights Act.

**D. Unruh Act Claim**

The County argues that Olalemi fails to state a claim under the Unruh Act because (1) “the County is not a private business establishment”; (2) the Complaint does not establish that Olalemi “satisfied the claim presentation requirement of the California Government Claims Act”; and (3) the Complaint’s “allegations of discrimination are wholly conclusory.” Mot. at 6:19–7:12. Olalemi does not respond to these arguments. *See generally* Opp.

The Unruh Civil Rights Act provides:

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, genetic information, marital status, or sexual orientation are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

Cal. Civ. Code § 51(b). The Act prohibits “unreasonable, arbitrary, or invidious discrimination.” *Dallas and Lashmi, Inc. v. 7-Eleven, Inc.*, 112 F. Supp. 3d 1048, 1062 (C.D. Cal. 2015) (citing *Sunrise Country Club Ass’n v. Proud*, 190 Cal. App. 3d 377, 380 (1987)). “Unreasonable, arbitrary, or invidious discrimination is present where the defendant’s policy or action emphasizes irrelevant differences or perpetuates irrational stereotypes.” *Id.* (citing *Kiore v. Metro Car Wash*, 40 Cal. 3d 24, 33 (1985)) (cleaned up).

Here, the County argues that because Olalemi does not respond to its arguments in her Opposition and does not mention the Unruh Act, she has waived this claim. Reply at 6:15–23. The Court agrees. *See Conservation Force*, 677 F. Supp. 2d at 1211.

Accordingly, the Court **GRANTS** the County’s Motion on Olalemi’s Unruh Act claim.

**E. Leave To Amend**

In her Opposition, Olalemi requests leave to amend the Complaint, “pursuant to Federal Rule of Civil Procedure 15(a), to properly identify all parties and causes of action.” Opp. at 19. Olalemi alleges new claims in her Opposition that are not pleaded in the Complaint. *See, e.g., id.*

United States District Court
Northern District of California

at 2, 20. The County responds that Olalemi cannot use her Opposition "as a vehicle for requesting the Court's permission to add new factual allegations, claims, and defendants." Reply at 6:24–8:8.

Under the Federal Rules of Civil Procedure, a party may amend its original pleading once as a matter of course within 21 days of serving it. Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." *Id.* at 15(a)(2).

Here, Olalemi requested leave to amend the Complaint on March 18, 2026, more than 21 days after serving it on the County on November 24, 2025. *See* ECF Nos. 1, 15. And the County has not consented to Olalemi filing an amended complaint. Reply at 7:24–26. Olalemi therefore must receive permission from the Court to file an amended complaint. Fed. R. Civ. P. 15(a). Given Olalemi's *pro se* status, and because it is not clear that the deficiencies of her claims could not be cured by amendment, the Court previously held the County's Motion in abeyance and gave Olalemi the opportunity to seek leave to amend her claims. ECF No. 17; *see Gregg v. Hawaii, Dep't of Pub. Safety*, 870 F.3d 883, 889 (9th Cir. 2017) (holding district court erred in denying plaintiff's request for leave to amend complaint when granting defendant judgment on the pleadings because "[plaintiff] is entitled to that opportunity" as amendment was not futile). The Court ordered Olalemi to file any motion for leave to amend the Complaint by April 30, 2026. ECF No. 17. However, Olalemi did not file a motion for leave to amend the Complaint; nor did she request more time to file a motion. Therefore, the Court denies Olalemi leave to amend her claims.

## V. CONCLUSION

For the reasons stated above, the Court **GRANTS** the County's Motion for Judgment on the Pleadings and denies Olalemi leave to amend.

**IT IS SO ORDERED.**

Dated: July 15, 2026

THOMAS S. HIXSON
United States Magistrate Judge